UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mofet Etzion Ltd.

    Plaintiff,

v.

General Dynamics Land Systems, Inc.

    Defendant

Civil Action Case No. 07-CV 4566

JUDGE PRESKA

MAY 30 2007

## PETITION TO VACATE ARBITRATION AWARD

Claimant Mofet Etzion, Ltd. ("Mofet") hereby petitions this Court pursuant to 9 U.S.C. § 10 to vacate the arbitration award entered in favor of respondent General Dynamics Land Systems, Inc. ("GDLS") in International Centre for Dispute Resolution, Commercial Arbitration Tribunal, Case Number 50 180 T 00373 05 and in support of such petition states as follows:

### SUMMARY OF THE ACTION

1. Mofet brings this action to vacate the arbitration award that was rendered in favor of respondent GDLS for the reasons that the award was an error of law under the parties judicial review provision, exceeded the arbitrator's authority under the agreement, and was in manifest disregard for the law. A Memorandum in Support of the Petition to Vacate Arbitration Award is filed herewith.

### PARTIES

2. Mofet is a company organized and existing under the laws of the state of Israel.

3. GDLS is a corporation with its principal place of business at 38500 Mound Road, Sterling Heights, Michigan 48310, United States of America.

1

## JURISDICTION

4. This Court has personal jurisdiction over GDLS because the agreement entered into by the parties sets forth New York, New York as the governing law, the arbitration hearing was conducted in New York, New York, and upon information and belief, GDLS continuously and systematically does business within this jurisdiction.

5. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000.00 and the action is between citizens of a State and citizens of a foreign state. Subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1331 as the arbitration award is subject to vacatur based on federal substantive law.

6. Venue is proper in this court pursuant to 9 U.S.C. § 10, because this is the district in which the Award was made. Venue is also proper pursuant to 28 U.S.C. § 1391(a), as this is the district agreed to by the parties under the agreement at issue.

## RELIEF REQUESTED

8. Based on the foregoing, the Award must be vacated under Federal and New York state law.

WHEREFORE, for the reasons set forth herein and in papers accompanying this petition, Mofet requests an order of the Court:

a. vacating the award in the International Centre for Dispute Resolution, Commercial Arbitration Tribunal, Case Number 50 180 T 00373 05; and

b. granting further relief as the Court deems just and appropriate.

Respectfully submitted this 30th Day of May, 2007.

SUTHERLAND ASBILL & BRENNAN LLP

By: _____
Lawrence A. Dany (LD9713)
Sutherland Asbill & Brennan LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
(212) 389-5000 – Telephone
(212) 389-5099 – Facsimile

*Of Counsel*
Jeffrey P. Bialos
John L. North
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-0100 – Telephone
(202) 383-3593 – Facsimile

Counsel for Mofet Etzion, Ltd.