# JENNER&BLOCK

June 11, 2007

**BY FAX**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

Jenner & Block LLP        Chicago
919 Third Avenue          Dallas
37th Floor                New York
New York, NY 10022-3908   Washington, DC
Tel 212 891-1600
www.jenner.com

Susan J. Kohlmann
Tel 212-891-1690
Fax 212-891-1699
skohlmann@jenner.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/07

Re: *Mofet Etzion Ltd. v. General Dynamics Land Systems, Inc.*, Civil Action No. 07-CIV-4566 (LAP)

Dear Judge Preska:

We represent General Dynamics Land Systems, Inc. ("GDLS"), the defendant in the above-referenced matter. My partners Susan Levy and Clay Stiffler were counsel of record in the International Centre for Dispute Resolution ("ICDR") arbitration of this matter and their motions for pro hac admission are pending. We write on behalf of GDLS to seek an extension of time to and including August 1, 2007, to answer or otherwise respond to Plaintiff Mofet Etzion Ltd.'s ("Mofet Etzion") Petition to Vacate Arbitration Award ("Petition"), which was filed with the Court on May 30, 2007. Mofet Etzion's Petition seeks to vacate the Final Arbitration Award entered by the ICDR tribunal on March 1, 2007, which denied all claims of Claimant Mofet Etzion in favor of Respondent GDLS.

GDLS' request for an extension of time is prompted in part by uncertainty regarding whether a proper waiver of service of process occurred in this case, and in turn, whether GDLS is required to answer or otherwise respond to the Petition within 20 days or within 60 days, if there was a waiver of service of process.

As background, on May 30, 2007, at counsel for Mofet Etzion's telephonic request, counsel for GDLS agreed to accept service of Mofet Etzion's Summons and Petition, both of which Mofet Etzion sent by email on the same day. However, Mofet Etzion failed to comply with Fed. R. Civ. P. 4(d)(2), subparts (A), (D), (F), and (G), relating to waiver of service of summons, by failing to provide GDLS a written notice and request for waiver of service of summons. On June 1, 2007, a process server presented counsel for GDLS with a copy of the summons only; no copy of the Petition was attached. On June 5, 2007, more than 90 days after the ICDR entered the

Hon. Loretta A. Preska
June 11, 2007
Page 2

Final Arbitration Award,[1] a process server for Mofet Etzion served counsel for GDLS with the summons and a copy of the Petition.

Under Federal Rule 12(a), if service of the summons was timely waived on request under Rule 4(d), GDLS has 60 days or until July 30, 2007, to respond to the Petition. Otherwise GDLS has 20 days or until June 25, 2007, to respond to the Petition.

Regardless of which answer date applies, GDLS respectfully requests that the Court enter an order granting it an extension of time to and including August 1, 2007, to answer or otherwise respond to the Petition. GDLS requests this additional time because the arbitration involved 12 days of hearing, testimony from 11 witnesses, hundreds of exhibits, 10 expert reports, and hundreds of pages of post-hearing briefs. The Final Arbitration Award, which Mofet Etzion now challenges, is 32 pages. This short extension will also provide certainty as to the actual answer date.

Counsel for GDLS asked counsel for Mofet Etzion to consent to this short extension. Counsel for Mofet would not agree unless GDLS was willing to waive its defenses regarding the manner of service of process. GDLS would not agree to waive any of its defenses in this matter. No previous extensions of time have been sought or granted in this case.

Thank you for your consideration of this matter.

Very truly yours,

Susan J. Kohlmann

SO ORDERED

Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
June 14, 2007

cc: Jeffrey Bialos (counsel for Plaintiff Mofet Etzion, Ltd.)
    Susan C. Levy
    Richard C. Stiffler

---

[1] Under the Federal Arbitration Act, 9 U.S.C. § 12, Mofet Etzion had three months to provide notice of its motion to vacate the Final Arbitration Award and was required to serve that notice "by the marshal of any district within which the adverse party may be found in like manner as other process of the court."