USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MOFET ETZION LTD.,           :
                             :
            Plaintiff,       :   07 Civ. 4566 (LAP)
                             :
    -against-                :   MEMORANDUM AND ORDER
                             :
GENERAL DYNAMICS LAND SYSTEMS, INC.,:
                             :
            Defendant.       :
                             :
------------------------------------x

LORETTA A. PRESKA, U.S.D.J.

    Plaintiff Mofet Etzion Ltd. ("Mofet") moves to vacate an arbitration award in favor of Defendant General Dynamics Land Systems, Inc. ("GDLS"). The question before the arbitrator was whether Defendant used its "best effort to expand and maximize the U.S. market" for Plaintiff's product, as was required by the parties' agreement. The arbitrator found that GDLS complied with the "best effort" requirement of the agreement, "regardless of what reasonable legal definition of 'best efforts' might be applied." (Award at 27.)[1] The questions before this Court are (1) whether the parties contracted for an "error of

---

[1] "Award" refers to Final Arbitration Award, annexed to Defendant's Memorandum in Opposition to Plaintiff's Petition to Vacate Arbitration Award and in Support of Defendant's Motion to Confirm Arbitration Award ("Def. Mem.") as Exhibit 1.

law" standard of review for the appeal of the Arbitrator's decision, requiring this Court to review the Arbitrator's decision de novo (as opposed to the "manifest disregard of the law" standard used under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.), and (2) if so, whether the arbitrator committed legal error. Because the Court finds no legal error, the petition to vacate is denied, and the Award is confirmed. For this reason, even if the more expansive judicial review Plaintiff claims were applicable, the outcome of this case would be the same.[2]

## BACKGROUND[3]

The Agreement

Plaintiff, an Israeli company, is a ceramic armor manufacturer. Among other things, Plaintiff designs and develops an armor technology known as Light Improved

---

[2] See Hall Street Associates, L.L.C. v. Mattel, Inc., ___ U.S. ___, 127 S.Ct. 2875 (2007) (granting certiorari potentially to resolve the question of whether private parties have no power to alter or expand the FAA's grounds for review of arbitration awards); compare Kyocera Corp. v. Prudential-Bach Trade Services, Inc., 341 F.3d 987, 1000 (9th Cir. 2003) (holding that "private parties have no power to determine the rules by which federal courts proceed, especially when Congress has explicitly prescribed those standards") with Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 293 (3d Cir. 2001) ("We now join with the great weight of authority and hold that parties may opt out of the FAA's off-the-rack vacatur standards and fashion their own (including by referencing state law standards.").

[3] The following facts are undisputed, and taken from the Award, unless otherwise noted.

Ballistic Armor ("LIBA"), a product that is the subject of this litigation. Defendant GDLS is a developer, integrator, manufacturer, and marketer of armored vehicles and other combat systems used by U.S. and allied armed forces.

The parties entered into an agreement, a Memorandum of Agreement ("MOA"), whereby Mofet granted GDLS the exclusive right to market and sell LIBA in the United States in exchange for a royalty for each pound of LIBA used or sold by GDLS. This case is centered on the following provision of the MOA:

> The purpose of this Agreement is to define the rights and obligations of the Parties for the evaluation, test and acquisition of technical data, data rights and manufacturing rights in the LIBA product by GDLS for sale of the U.S. market, including, but not limited to, land, sea and air vehicles/platforms of any type; <u>GDLS will use its best effort</u> to expand and maximize the U.S. market for the LIBA product.

(MOA at 10) (emphasis added). The question before the arbitrator, now before the Court, is whether GDLS complied with the "best effort" provision. The answer to this question depends on the "best effort" language is interpreted.

The MOA contains a choice of law clause providing that "the laws of the State of New York shall apply." (MOA at

- 3 -

10.)[4] The MOA also provides that the decision of the arbitrator "shall be final and binding subject only to limited judicial review in accordance with the standards of review for arbitration awards as provided by law or on the ground the [sic] committed an error of law." (Id.)

The Proceedings Before the Arbitrator and the Award

Dissatisfied with Defendant's marketing efforts, Mofet filed its arbitration demand with the American Arbitration Association's International Centre for Dispute Resolution ("ICDR") on September 12, 2005. With both parties' consent, the ICDR appointed John Wilkinson, an attorney and experienced arbitrator, as arbitrator to resolve the dispute. The parties engaged in four months of discovery, exchanging over 150,000 pages of documents and ten expert reports. Mr. Wilkinson held hearings over a period of twelve days in the summer and fall of 2006, hearing evidence that included: the customs and practices in the defense industry, other provisions of the MOA, GDLS' capabilities, and other parol evidence of the meaning of "best effort" in the agreement. (See Award at 3-27.)

---

[4] "MOA" refers to the Memorandum of Agreement, annexed to Def. Mem. as Exhibit 3.

After weighing all of the evidence, the arbitrator issued the Award on March 1, 2007, denying all of Plaintiff's claims. The arbitrator concluded that GDLS "in all respects complied with the 'best efforts' requirement of Article 1 of the MOA." (Award at 27.) He concluded this "regardless of what reasonable definition of 'best efforts' might be applied." (Id.)

## DISCUSSION

Even under the standard of review of the Award that Plaintiff argues was contracted for, the scope of this Court's review is still narrow. In accordance with the terms of the agreement relied on by Plaintiff, this Court may vacate the arbitrator's award only if there is "an error of law." (MOA at 10.) Plaintiff's position is that the arbitrator committed legal error in applying a "bad faith with intent to harm" standard in interpreting the best efforts clause. (Pl.'s Mem. at 4.)[5] To support this argument, it points to the following language used by the arbitrator: "[I]t generally appears that a finding of such a [Best Efforts] violation must be based on a showing that a defendant or respondent engaged in bad faith business

---

[5] "Pl.'s Mem." refers to Mofet Etzion's Reply to GDLS' Opposition to Plaintiff's Petition to Vacate Arbitration Award and Response to GDLS' Motion to Confirm Arbitration Award, filed on August 10, 2007.

judgments designed, at least in part, to harm the sales of the party to the best efforts." (Award at 6-7.)

This sentence appeared, however, after the arbitrator's survey of New York law on the interpretation of best efforts clauses and was the arbitrator's conclusion as to what the governing law required. But it is clear from the Award that the arbitrator <u>ruled in the alternative</u>, specifically in finding that "GDLS has in all respects complied with the 'best efforts' requirement of Article 1 of the MOA . . . <u>regardless of what reasonable legal definition of "best efforts" might be applied</u>." (Award at 27) (emphasis added). In other words, the arbitrator found that Plaintiff had failed to demonstrate that GDLS did not live up to its contractual obligation under any interpretation of the best efforts language that was valid under New York law.[6]

The arbitrator's determination was predicated on facts that are not reviewable by this Court under the language of the contract. The arbitrator correctly noted that New York law interpreting best efforts clauses is "far from clear." <u>Bloor v. Falstaff Brewing Corp.</u>, 601 F.2d 609, 613

---

[6] <u>See</u> Award at 14-22 (cataloguing the evidence in the record about Defendant's "efforts" to market Plaintiff's product).

(S.D.N.Y. 1978).[7] Despite this ambiguity, the arbitrator examined the remainder of the contract and prevailing defense industry custom to conclude that Plaintiff's proposed definition of best efforts – efforts to market products "as if they were [a company's] own core products" – was not the contracted-for definition. (Award at 3.) This approach was in accord with the general rule that "[t]he amount of performance required by a best-efforts-in-performance clause depends either on a set of guidelines in the contract or on the parties' particular circumstances." H. Hunter, Modern Law of Contracts, § 8:10 (Rev. ed. 2007). Thus it is clear that the arbitrator's finding on this question was a factual, not legal one. And as Plaintiff even conceded in its post-hearing memorandum, the best effort obligation "must be assessed in the context of the circumstances of this case -- i.e., the market and industrial setting in which the obligation was made."

---

[7] See also Ashokan Water Servs., Inc. v. New Star, LLC, 8-7 N.Y.S.2d 550, 553 (N.Y. Civ. Ct. 2006)("It is still unclear when and how an express 'best efforts' provision is to be enforced in the absence of articulated objective criteria in the agreement, and, particularly, the relationship between 'best efforts' and 'good faith,' 'fair dealing,' and 'reasonable care.'")

(Mofet Post-Hrg. Br. at 18-19.)[8] The arbitrator did precisely this.

Even accepting Plaintiff's legal argument -- that the reviewing court should examine only GDLS's level of diligence without regard to bad faith -- the arbitrator's factual findings show that Defendant would not have met that standard either. The Award as a whole shows that the arbitrator found that Defendant's conduct satisfied a "best efforts" standard of <u>diligence</u> and that the underwhelming demand for Plaintiff's product was a result of market conditions, not the efforts of Defendant. (<u>See</u> Award at 13-27.)

---

[8] "Mofet Post-Hrg. Br." is annexed to Def. Mem. as Exhibit 4.

CONCLUSION

Assuming arguendo that this Court has the authority to review an arbitration award for simply "legal error" as opposed to "manifest disregard of the law," see Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004), the arbitrator committed no legal error because of the arbitrator's clear alternative holding and, in addition, a fair reading of the Award as a whole. Accordingly, the petition to vacate the Award (dkt. no. 1) is DENIED; the motion to confirm the Award (dkt. no. 14) is GRANTED.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.


SO ORDERED:

Dated:    New York, New York
          February 4, 2008

                              _____
                              LORETTA A. PRESKA, U.S.D.J.